IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM COLTON COILE, and | ) | |
| COILE AND ASSOCIATES INC., | ) | |
| a corporation, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-0258-CG-B |
| | ) | |
| UTICA MUTUAL INSURANCE | ) | |
| COMPANY, a corporation, and | ) | |
| TOTAL BENEFIT MANAGEMENT, INC., | ) | |
| a corporation, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the court on plaintiffs' motion to remand (Doc. 2), defendant Utica Mutual Insurance Company's ("Utica") response (Doc. 9), and plaintiffs' reply (Doc. 12). The court finds that removal was not defective for failure of Total Benefit Management, Inc., ("Total Benefit") to join in or consent to removal because Total Benefit had not been properly served at the time of removal. Therefore, plaintiffs' motion to remand is due to be **DENIED**.

## BACKGROUND

This case arises from a dispute over insurance coverage provided by Utica to plaintiff Coile and Associates, Inc. On March 16th, 2005, the plaintiffs filed this lawsuit against Utica and Total Benefit in the Circuit Court for Baldwin County, Alabama. Defendant, Utica, removed the case to this court on April 29, 2005, asserting jurisdiction under 28 U.S.C. § 1332. Total Benefit, who has not yet been served, did not join in or consent to removal. Utica pointed this fact out in its notice of removal; but

1

maintained that Total Benefit was not required to consent or join in because it was merely a "nominal party."

### DISCUSSION

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim" citations omitted).  "On a motion to remand, the removing party bears the burden of establishing jurisdiction."  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353,1356 (11th Cir.1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)).  Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal."  Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).  Generally, "all defendants must join in a removal petition in order to effect removal."  Newman v. Spectrum Stores, Inc., 109 F.Supp.2d 1342, 1345 (M.D. Ala. 2000) (quoting Northern Illinois Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc., 676 F.2d 270, 272 (7th Cir. 1982); see also Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court.").  "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction."  Russell, 264 F.3d at 1049 (citations omitted).  Without the timely consent of all

defendants, removal is defective and the case may be appropriately remanded pursuant to 28 U.S.C. § 1447(c).

Despite the stringency with which courts interpret removal procedures, four exceptions to the requirement that all defendants join in or consent to a petition for removal have been recognized: (1) when the non-consenting defendant was not properly served at the time the removal petition is filed; (2) when the non-consenting defendant is merely a nominal or formal party; (3) when the non-consenting defendant was fraudulently joined; and (3) when the removed claim is separate and independent from other aspects of the lawsuit filed in state court as defined by 28 U.S.C. § 1441(c). See Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir.1984); Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272 (7th Cir.1982); White v. Bombardier Corp., 313 F.Supp.2d 1295, 1299 (N.D. Fla. 2004)(citations omitted); GMFS, L.L.C. v. Bounds, 275 F.Supp.2d 1350, 1354 (S.D.Ala. 2003).

Utica maintains that the case was properly removed under either of the first two exceptions listed above. Utica argues that because Total Benefit was not served at the time of removal, and has still not been served, Total Benefit is not a party in interest and should not be considered when determining whether all defendants have consented to removal. The court agrees.[1]  "The exception for unserved defendants rests on the 'bedrock principle' that '[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's

---

[1] This court has previously held that the citizenship of unserved defendants who are not fraudulently joined is to be considered in determining whether complete diversity exists. See Partin v. Cableview, 948 F.Supp. 1046 (S.D. Ala. 1996) (citing Beritiech v. Metropolitan Life Ins., 881 F.Supp. 557 (S.D. Ala. 1995)). However, here there is no contention that complete diversity of citizenship is lacking.

authority, by formal process.'" GMFS, 275 F.Supp.2d at 1354 (quoting Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). Total Benefit has not been brought under this court's authority by formal process and, therefore, its participation or consent in removal is not required. Therefore, plaintiffs' motion to remand for lack of unanimous consent is due to be denied and the court finds it unnecessary to address Utica's alternative argument that Total Benefit is merely a nominal defendant.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand (Doc. 2), is **DENIED**.

**DONE and ORDERED** this 24th day of June, 2005.

        /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE